UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN -5  P 2

```
************************************
SARAH P. BROWN                       *
         Plaintiff                   *  CIVIL NO.3:02 CV00316 (CFD)
                                     *
VS.                                  *
                                     *
TOWN OF GREENWICH, AL CAVA           *
and BERNADETTE WELCH in their        *
official capacities                  *
         Defendants                  *
                                     *  JANUARY 5, 2004
************************************
```

U.S. DISTRICT COURT
HARTFORD, CT.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO RULE 41(b) DISMISSAL

**I.      PROCEDURAL HISTORY**

The instant action was commenced in February 2001 against the Town of Greenwich ("Town") and individual defendants Bernadette Welch ("Welch") and Al Cava ("Cava"). The plaintiff is a nineteen year employee of the Town in the Human Resources Department. Plaintiff alleges disparate treatment, hostile work environment and retaliation pursuant to 42 U.S.C. § 2000e("Title VII").[1]  Pursuant to the parties' Rule 26(f) Planning Meeting, discovery was to be completed by December 31, 2002; dispositive motions filed on or before February 28, 2003; the Joint Trial Memorandum was to be filed April 30, 2003.

Although a settlement conference was conducted by United States Magistrate Judge William J. Garfinkel in November 2002, and followed by informal settlement efforts,

---

Pursuant to Defendant's Motion to Dismiss/Drop, plaintiff § 1983 claims against the Town and the individual defendants were withdrawn. See Amended Complaint dated April 2, 2001.

2

neither a dispositve motion or a Joint Trial Memorandum was submitted by the parties. Therefore, on December 16, 2003 the District Court issued a Notice of Dismissal subject to an explanation as to why there has been no recent activity. The plaintiff submits the following explanation pursuant to said court order.

## II    LAW AND ARGUMENT

A.    Standard of Review

Rule 41(a) of the Local Rules for the District of Connecticut as well as Federal Rules of Civil Procedure 41(b) permit a district court, at its own initiative, to dismiss an action for failure to prosecute. The decision to dismiss an action due to a failure to prosecute is measured by the discretion of the district court. Any review of a dismissal by the district court pursuant to Rule 41 is conducted under an abuse of discretion standard. *Jackson v. City of New York*, 22 F.3d 71 (2nd Cir. 1994).

The decision to dismiss a claim pursuant to Rule 41(b) is made upon weighing the following factors: (1) the duration of the parties' failures; (2) the parties have received notice that further delays would result in dismissal; (3) whether a party is likely to be prejudiced by further delay; (4) whether the district court has taken care to strike the balance between alleviating court calender congestion and protecting a party's right to due process and a fair chance to be heard; (5) whether the judge has adequately assessed the efficacy of lesser sanctions. See *Alvarez v. Simmons Marketing Research Bureau Inc.*, 839 F. 2d 930, 932 (2nd Cir. 1988). However, "none of the five factors is separately dispositive." *LeSane v. Hall's SEC Analyst, Inc.*, 239 F. 3d 206, 210 (2nd Cir. 2001). Nonetheless, "dismissal is a harsh remedy to be utilized only in extreme situations". *Tamini v. M/V Jewon*, 808 F.2d

3

978, 980 (2nd Cir. 1987).

B.   Discussion

While the undersigned acknowledges that the deadlines as agreed to in the parties' Rule 26 (f) Planning Meeting have lapsed, much of the manpower in the pending action has been dedicated to resolving the Plaintiff's claim. A lengthy settlement conference was held just prior to the Thanksgiving holiday 2002 before Magistrate Garfinkel with hopes of resolving the matter short of protracted litigation. At that time the parties were far apart as the plaintiff sought a monetary settlement. Whereas, the defendant was offered a transfer from her current position. In Summer 2003, albeit after the deadline to file the Joint Trial Memorandum, plaintiff communicated a modified settlement offer. Defendant's indicated that a dispositive motion would not be filed, thus, the matter was likely to proceed to trial. As defendant anticipated a trial of the instant matter, a further delay would not prejudice the defendant by an increase in litigation costs or decaying evidence. While prejudice from delay may be presumed, no such evidence is present in the record. See Lyell Theatre Corp. v. Loews Corp. 682.F. 2d 37, 43 (2nd Cir. 1982).

While the parties were aware of the standing order concerning the Rule 26(f) Meeting, there has been no additional notice concerning dismissal of the action. Nonetheless, much of the discovery is completed as the majority of the pertinent information was gathered through exhaustion of administrative remedies via the CHRO filing. In light of the district court's December 16, 2003 admonition, the district court has permitted an additional opportunity to resolve the pending matter. A settlement conference has been scheduled for February 13, 2004. Therefore, the plaintiff respectfully requests that

4

a decision to dismiss the instant matter be reserved until after the February 13, 2004 settlement conference. Alternatively, should the settlement conference prove unsuccessful plaintiff respectfully requests a trial date to be scheduled immediately thereafter.

## III   CONCLUSION

WHEREFORE, based on the foregoing, the plaintiff respectfully requests that the court's motion to dismiss the pending action pursuant to Rule 41(b) be reserved as a settlement conference has been scheduled. Sufficient discovery has been conducted and much of the effort of the litigants has been devoted to resolving the pending matter. While deadlines have lapsed, principles of fairness and due process militate against dismissal as "extreme circumstances" are not present in the pending matter.

PLAINTIFF, SARAH P. BROWN

BY: /s/ Marc L. Glenn
Marc L. Glenn
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511-6406
Tel. No. (203) 624-4666
Fax. No. (203) 624-5050
Federal No. ct21369
Her Attorneys

5

## CERTIFICATION

     THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to: Valerie E. Maze, Esq., Assistant Town Attorney, Town of Greenwich Law Department, 101 Field Point Road, P. O. Box 2540, Greenwich, CT 06836-2540.

                                                             */s/ Marc L. Glenn*
                                                              Marc L. Glenn

s:\docs\employ\sbrown.memo.of.law.1-5-04