# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

*****************************************

| | |
|---|---|
| SARAH BROWN | * |
| *Plaintiff,* | * |
| | * CIVIL NO.3:02 CV 00316 (CFD) |
| VS. | * |
| | * |
| TOWN OF GREENWICH, AL CAVA | * |
| and BERNADETTE WELCH in their | * |
| official capacities | * |
| *Defendant.* | * JUNE 2, 2004 |

*****************************************

## PLAINTIFF'S LOCAL RULE 56 (a)(2) STATEMENT

      A.     PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56(a)(1) STATEMENT

1.  Admitted
2.  Admitted
3.  Admitted
4.  Admitted
5.  Admitted
6.  Admitted
7.  Admitted
8.  Admitted
9.  Denied.  Ex. 6
10.  Admitted
11.  Admitted
12.  Admitted
13.  Admitted
14.  Admitted
15.  Admitted
16.  Admitted
17.  Denied.  Ex. 8
18.  Admitted
19.  Admitted
20.  Admitted
21.  Denied
22.  Admitted

2

B.      PLAINTIFF'S DISPUTED ISSUES OF MATERIAL FACT

1.      The part-time employee afforded the desktop publishing software was Barbara DeVita a white female who was eventually transferred from the Human Resources Department and subsequently left the Town's employ. (Ex. 1; ¶ 1).

2.      The training received by the plaintiff was sought by the plaintiff's own initiative and was received off-site.  (Ex. 1).

3.      Barbara Bonino, an employee with the Town sought a position of Penison Manager and was one of three minority candidates for the position.  (Ex. 8).

4.      While inquiring of her chances for receiving the position, Bernadette Welch stated that a minority would not receive the position.  Welch went on to characterize the plaintiff as having a "minority chip on her shoulder".  (Ex. 8).

5.      Welch's comments were reported to the Affirmative Action Officer, Kelly Houston.  Houston conducted a mediation involving Brown, Welch and Al Cava, Director of Human Resources.  (Exs. 7, 8).

6.      In October 2000, plaintiff sought a Leave of Absence pursuant to the Family Medical Leave Act as a result of the workplace environment.  (Ex. 9).

7.      In January 2001, upon the plaintiffs return from her leave of absence, Cava and Welch alleged that a shortfall accrued regarding the Town's petty cash fund.

8.      As was her practice, the plaintiff prepared receipts for all reimbursements issued to Town employees.  Said receipts were given to the Town's Comptroller.

9.      August 2000, plaintiff filed a Complaint-Affidavit with the Connecticut Commission on Human Rights and Opportunities ("CHRO").  (Ex. 1).

10.     As a result of Bonino's complaint, Houston and Cava instituted a series of counseling sessions concerning Welch that included a monitoring of additional complaints by Welch's subordinates.

3

PLAINTIFF, SARAH BROWN


BY:_____

        Marc L. Glenn
        Law Office of
        W. Martyn Philpot, Jr., L.L.C.
        409 Orange Street
        New Haven, CT  06511-6406
        Tel. No. (203) 624-4666
        Federal Bar No. 21369
        Her Attorneys


## **CERTIFICATION**

    ***THIS IS TO CERTIFY*** that a copy of the foregoing was mailed, postage prepaid, this date, to all counsel of record as follows:

Valerie E. Maze
Assistant Town Attorney
Town of Greenwich
Law Department
101 Field Point Road
P. O. Box 2540
Greenwich, CT 06836-2540


                        _____

                            Marc L. Glenn

s:\docs\employ\brown.s.local.rule.6-1-04