UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------X
SARAH BROWN                              :      CIVIL ACTION NO:
                         Plaintiff,      :      302CV00316 (CFD)
                                         :
vs.                                      :
                                         :
                                         :
TOWN OF GREENWICH, AL CAVA and           :
BERNADETTE WELCH in their                :
official capacities                      :
                         Defendants.     :
-------------------------------------------------------------X      June 29, 2004
```

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff's responses to the Defendant's Local 56(a)(1) Statement and her Opposition to the defendants' Motion for Summary Judgment indicate there is no genuine dispute that a hostile work environment did not exist as a matter of law and the claims for intentional emotional distress likewise fail as a matter of law.

### Core of Undisputed Material Facts:

Based on plaintiff's Local Rule 56(a)(2) Statement, there is no genuine dispute concerning the following core facts:

Since 1983 the plaintiff has been employed in the Human Resources Department.  Plaintiff's Local Rule 56(a)(2) Statement, ¶2.  The plaintiff's position up to July 1, 1996 was Secretary "A," a union position with an annual salary of $37,483.  Id. at ¶3.  In 1996 the plaintiff received a promotion to the position of Confidential Secretary with an annual salary of $ 42,675.  Id. at ¶4.

ORAL ARGUMENT NOT REQUESTED

Plaintiff's new position, Confidential Secretary, was made a part of the Management/Confidential ("MC") classification.  Id. at ¶5.   The MC class is the classification of which the Town department heads are members.   Id. at  ¶7. The plaintiff's current salary is approximately $54,670.  Id. at  ¶6.  The plaintiff continues to be employed by the Town of Greenwich as Confidential Secretary to the Director of Human Resources. Id. at  ¶8.  The plaintiff's November 1998 performance evaluation was favorable.  Id. at ¶11.  Mr. Cava recommended Ms. Brown for a performance award and so advised her during discussion with the plaintiff concerning her employment evaluation in November 1998.  Id. at ¶13. The plaintiff subsequently accepted the Outstanding Achievement Incentive Award in the amount of $1,500.00.  Id. at ¶14.    Plaintiff was never demoted or disciplined. Id. at  ¶18.   Plaintiff suffered no material loss of employment benefits at any time.  Id. at ¶ 19.  Plaintiff's material responsibilities while working for the Town have never diminished.  Id. at ¶ 20. [1]

### No Hostile Work Environment as a Matter of Law

Plaintiff acknowledges that in order to present and preserve a viable hostile work environment claim under Title VII, plaintiff must prove, inter alia, that *the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive* to alter the conditions of her work environment. Plaintiff's Motion in Opposition to the defendants' Motion for Summary Judgment

---

[2] Plaintiff's "Disputed Issues of Material Fact" contained in her Opposition contains factual inaccuracies and does not, in any case, create a dispute as to a *material* fact.  Defendants dispute and object to paragraph 3 of the "Disputed Issues of Material Fact" to the extent it asserts that Barbara Bonino was a member of a minority class.  See note 3, infra.  In addition, defendants dispute and object to ¶10 thereof  which contains factual inaccuracies and is not supported by any affidavit or other evidence.  Plaintiff's Disputed Issues of Material Fact does not, in any event, create a genuine dispute as to a *material* fact.

("hereinafter Plaintiff's Opposition") at p. 5 (emphasis added).     Based on this standard, defendants are entitled to summary judgment on the Title VII claims.

<u>There is No Dispute that Plaintiff Received Software Training</u>

There is no dispute that the issue with the Pagemaker software training arose in 1998.   Local 56(a)(2) Statement, ¶10.   Thus, any claim based on the training issue is barred by the applicable statute of limitations.   See defendant's Memorandum of Law in Support of Motion for Summary Judgment (hereinafter "defendants' memorandum of law") at pp.7-8.

In any case,  plaintiff has admitted she did,  in fact, receive training in the Pagemaker software.   Plaintiff's Local 56(a)(2) Statement, ¶10.   See, also, Plaintiff's Opposition at page 2:

"Brown ultimately received training off-site after work, although the Town paid for the training;"

and Plaintiff's Opposition at page 6:

"Ultimately, Brown received training at a local community college."

Therefore even if a claim under Title VII based on the training issue had been timely asserted, there is no merit to such claim where it is undisputed the training was received in fact.

<u>No Dispute the 1998 Performance Evaluation Was Favorable</u>

The plaintiff's Amended Complaint asserted, as a purported basis for the hostile work environment claim,  that during a performance evaluation conducted by Cava and Welch, they stated that the plaintiff "could not think outside of the

box."[2]  Amended Complaint ¶6, all Counts.   In their brief, the defendants direct

the Court's attention to the timing of the evaluation, the actual text of the remark,

the context of change in the department structure and philosophy and the change

in plaintiff's own rank, all in the context of an overwhelmingly favorable

evaluation.   Defendants' memorandum of law at pp. 8-10.  There is no genuine

dispute that there was nothing improper about the remark:  In her opposition,

plaintiff fails even to mention the remark.  In addition, plaintiff admits the

November 1998 performance evaluation evidenced her admirable performance.

Plaintiff's Opposition at p. 2.  See, also, Local Rule 56(a)(2) Statement, ¶11.

In short, even if a claim under Title VII based on the 1998 performance

evaluation issue had been timely asserted, there could be no cognizable claim

where it is undisputed the evaluation in fact was favorable and the remark was

proper.

### Alleged Bonino Remark Not Credible and is Legally Insufficient to Establish Claim for Hostile Work Environment

Plaintiff's entire case boils down to an alleged remark that Barbara

Bonino indicated Welch had made about Ms. Brown.  The statement appears in

Bonino's written complaint about Welch made to the Town's Affirmative Action

Officer, Kelly Houston, (plaintiff's Ex. 8).   The evidence offered, plaintiff's exhibit

8,  is not competent to withstand defendant's motion for summary judgment.  In

addition, even if assumed to have been made, the remark would fail to establish

a hostile work environment for plaintiff as a matter of law.

---

[2] This was not the actual text of the comment contained in the evaluation.  See Exhibit B to defendant's Motion for Summary Judgment.

Plaintiff admits Bonino was terminated from employment with the Town of Greenwich in April 2000.  Local Rule 56(a)(2) Statement, ¶15.   It is likewise undisputed that Bonino's supervisor was Bernadette Welch.  Local Rule 56(a)(2) Statement, ¶16.  While plaintiff denies that Bernadette Welch's input concerning Ms. Bonino's employment was the primary factor in the decision to terminate Ms. Bonino's employment, plaintiff's Local Rule 56(a)(2) Statement, ¶17,  plaintiff offers no contrary evidence to show that anyone else had any input into terminating Bonino.[2]

Plaintiff argues, based on Bonino's complaint,  that Welch allegedly referred to Brown's "minority chip on the shoulder" as a purported basis for limiting the number of minorities in the Town's employ.   Plaintiff's Opposition at p. 2, referring to Ex. 8.   Plaintiff offers no evidence whatsoever as to any limitation of minority employees in the Town's employ.   What the Bonino document does demonstrate on its face is the hostile animus that *Bonino* had for *Welch.*   Plaintiff's Ex. 8 on its face is a litany of criticisms on a variety of topics aimed at only one person, Bernadette Welch, by Bonino.  That the remark was even made by Welch is simply not credible under the circumstances, i.e., in the context of termination of Bonino's employment ("my position was not working out" Pl. Ex. 8, p. 1) and failure to qualify for another position she was encouraged to pursue.   In any case, the Bonino document is not competent evidence.  The Bonino complaint contains none of the indicia of reliability of competent evidence:

---

[3]There can be no proper inference based on plaintiff's "Disputed Issues of Material Fact" that Bonino was a minority and did not get the Pension Coordinator position for that reason; there is no good faith basis to assert that that Bonino was a member of a minority class; there is no indication in the Bonino complaint, Pl. Ex. 8, the sole document cited in support, that Bonino is not a white female.

It is not an affidavit;  it is not even a sworn statement of any sort.   Rule 56(e) of the Federal Rules of Civil Procedure provides "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Finally, and dispositively, even if the remark had been made, which is vigorously denied, such remark would be legally insufficient to create a hostile work environment as a matter of law for the reasons stated in defendants' memorandum of law at pp. 3-6 and pp. 11-12.

### Retaliation Claim Must Fail Based on Undisputed Facts

As plaintiff acknowledges in p. 9 of her Opposition, an adverse employment decision or action is an essential element of a retaliation claim. Because no evidence of an adverse employment decision or action exists, the complainant's retaliation claim must fail as a matter of law.

Plaintiff bases her purported retaliation claim on the following:  Plaintiff asserts she sought a Family Medical Leave in October 2000.   Local Rule 56(a)(2) Statement, ¶6.   Plaintiff claims that when she returned in January 2001, Cava and Welch alleged that a shortfall accrued regarding the petty cash fund the receipts for which she maintained for the human resources department.  Id. at ¶7; Plaintiff's Opposition at p. 3.    Mr. Cava, in his affidavit appended to defendant's motion for summary judgment states that he did not accuse the plaintiff of failing to properly maintain receipts related to petty cash for the Human Resource Department in December 2000 or at any other time.  Defendant's Local

Rule 56(a)(1) Statement, ¶17; Affidavit of Al Cava.  While plaintiff denies ¶17 of the defendants' Local Rule 56(a)(1) Statement, see Local Rule 56(a)(2) Statement, plaintiff has offered no evidence of a written accusation and no evidence of any adverse employment action taken against her;  on the contrary, in her Opposition brief, plaintiff concedes that,  after being informed of a shortfall when she returned from her leave, the plaintiff "contacted the Comptroller's office and presented the receipts. The matter was resolved…"

In short, there is no documentary evidence of any retaliation, i.e., adverse employment action.  It is undisputed the matter was resolved upon presentation of receipts.   Plaintiff admits she was never demoted or disciplined.  Local Rule 56(a)(2) Statement, ¶ 18.   Plaintiff admits she has suffered no material loss of employment benefits at any time. Local Rule 56(a)(2) Statement, ¶ 19.  It is undisputed that plaintiff's material responsibilities while working for the Town have never diminished.  Local Rule 56(a)(2) Statement, ¶ 19.  No claimed retaliation was reported to the Director of Human Resources.  Local Rule 56(a)(2) Statement, ¶ 22.

Based on the foregoing, plaintiff cannot establish a prima facie claim for retaliation as a matter of law, having suffered no adverse employment action at any time.

### The Emotional Distress Claims Likewise Fail

In her Opposition, plaintiff makes reference to claims sounding in both negligent infliction of emotional distress and intentional infliction of emotional distress.  See Plaintiff's Opposition at pp. 10-11.  The Amended Complaint,

however, includes only counts asserting intentional infliction of emotional distress, as it must, pursuant to the court's order on the defendant's motion to dismiss.  See Ruling on motion to dismiss, March 3, 2003 (CFD); Amended Complaint, Counts 3 and 4.

"Connecticut courts have held that 'insults, verbal taunts, threats, indignities, annoyances, petty oppressions, or conduct that displays bad manners or results in hurt feelings, do not support a claim for intentional infliction of emotional distress .'" Adams v. The Hartford Courant, Tribune Company, 2004 WL 1091728 (D.Conn. 2004)(JCH) (**copy attached as Exhibit A**) quoting Miner v. Town of Cheshire, 126 F. Supp.2d 184, 195 (D.Conn.2000) (citations omitted); see, also, Perodeau v. City of Hartford, 259 Conn. 729, 757 (D.Conn. 2002).

In this case, in her Opposition, plaintiff argues only that defendants' conduct was somehow "wrongful" and that the "hierarchy" required Welch and Cava evaluate plaintiff's performance.  Plaintiff's Opposition at p.11.  Again, plaintiff relies solely on the incompetent Bonino hearsay remark as the basis for the intentional infliction of emotional distress claim.  As indicated above, that the remark was even made is not credible given the circumstances of Bonino's termination and the litany of criticisms Bonino asserted about Welch to Kelly Houston.  Even assuming, *arguendo*, the Bonino complaint were competent evidence to oppose a motion for summary judgment, which is denied, and assuming, further, for the purposes of argument that the remark was even made, the remark was not even made to the plaintiff.  This is important because it is an essential element of the tort that the actor *intended* to inflict emotional distress or

that the actor knew or should have known that emotional distress was a likely result of the conduct.  <u>Petyan v. Ellis</u>, 2000 Conn. 243, 253 (1986). Here, the alleged remark, assuming it was made, was, at most, conduct that displayed bad manners; it was not made to the plaintiff.  This alleged remark, even assuming it was made to Bonino, cannot be said to be an act intended to inflict emotional distress; it was not so extreme, outrageous as to be beyond all bounds of decency as a matter of law.  Thus the defendants are entitled to judgment on Counts III and IV as well.

WHEREFORE the defendants request that their motion for summary judgment be granted.

THE DEFENDANTS

By:    _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department,
Town Hall,
101 Field Point Road
Greenwich, CT  06836-2540
Tel:(203) 622-7876;
Fax (203) 622-3816

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing has been sent by first-class United States mail on June 30, 2004 to:

Marc L. Glenn, Esq.
Law Offices of W. Martyn Philpot, Jr., LLC
Attorneys at Law
409 Orange Avenue
New Haven, CT 06511-6406

_____
Valerie E. Maze