## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SARAH BROWN,            :
      Plaintiff           :
                             :

        v.                 :        Civil Action No.
                             :        3:02 CV 316 (CFD)

TOWN OF GREENWICH, et al.,   :
      Defendants       :

### RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Sarah P. Brown ("Brown") brings this action against her employer, the Town of

Greenwich, Connecticut ("Town"), and against Town Director of Human Resources Al Cava

("Cava") and Deputy Director of Human Resources Bernadette Welch ("Welch"). Brown alleges

that she was subjected to a hostile work environment and retaliated against in violation of Title

VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.("Title VII"), and further alleges that the

Town, Cava, and Welch committed the state law tort of intentional infliction of emotional

distress.[1]

Pending is Defendants' Motion for Summary Judgment [Doc. #22].

## I.     Background[2]

Sarah Brown, an African-American, has been employed by the Town of Greenwich

Human Resources Department since 1983. From 1983 until July 1, 1996, Brown served in the

---

[1] In her initial complaint, Brown also alleged that defendants had violated her civil rights under 42 U.S.C. § 1983, and had committed the state law tort of negligent infliction of emotional distress. Those claims were dismissed pursuant to this Court's Ruling of March 3, 2003 [Doc. #16].

[2] The following facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

category of "Secretary A," a unionized job title. In 1996, Brown received a promotion to the position of Confidential Secretary. This new job classification was not unionized, but carried greater responsibility and higher pay.

Brown claims that subsequent to her promotion, she was subjected to hostility and discrimination based on her race. Brown alleges four specific incidents in support of her claim: 1) that in April 1998, she was denied training in desktop publishing software necessary to produce the Human Resources Department newsletter, while such training was provided to a white female colleague; 2) that Brown's November 1998 performance evaluation included the comment that she appeared "reluctant at times to 'think out of the box'"; 3) that in February 2000, Deputy Director of Human Resources Welch told another member of the department that Brown had "a minority chip on her shoulders"; and 4) that in December 2000, Brown wrongfully was accused by Director of Human Resources Cava of improperly maintaining petty cash receipts.

## II.    Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986 ) (quoting Fed. R. Civ. P. 56(c)). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. After

2

discovery, if the nonmoving party "has failed to make a sufficient showing on an essential

element of [its] case with respect to which [it] has the burden of proof," then summary judgment

is appropriate. Celotex, 477 U.S. at 323.

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving

party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent.

Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992). Thus, "[o]nly when reasonable minds could not

differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923

F.2d 979, 982 (2d Cir. 1991).

Finally, the Second Circuit has declared that a "trial court must be especially cautious in

deciding whether to grant [summary judgment] in a discrimination case, because the employer's

intent is often at issue and careful scrutiny may reveal circumstantial evidence supporting an

inference of discrimination." Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999) (citing

Chertkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 87 (2d Cir. 1996) and Gallo v.

Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994)). Nevertheless, "a plaintiff

must provide more than conclusory allegations of discrimination to defeat a motion for summary

judgment." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997).

**III.    Discussion**

### A. Title VII Claims

Title VII provides that "it shall be unlawful for an employer . . . to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of the individual's race, color, religion, sex, or national origin." 42 U.S.C. §

2000e-2(a)(1). Brown alleges that the Town violated Title VII in two ways: it subjected her to a

3

racially hostile work environment and it retaliated against her for filing complaints with the

Connecticut Commission on Human Rights and Opportunities ("CCHRO") and the Equal

Employment Opportunity Commission ("EEOC").[3] Each Title VII claim will be examined in

turn.

### 1. Hostile Work Environment

Conduct prohibited by Title VII includes "requiring people to work in a discriminatorily

hostile or abusive environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). To

prevail on a hostile work environment claim, a plaintiff must "establish (1) that the workplace

was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter

the conditions of [her] work environment, and (2) that a specific basis exists for imputing the

conduct that created the hostile environment to the employer." Richardson v. New York State

Dep't of Correctional Servs., 180 F.3d 426, 436 (2d Cir. 1999) (internal citations omitted).  As to

the first prong of this test, Title VII does not make actionable conduct that is merely offensive;

the harassment must be sufficiently severe or pervasive that a reasonable person would find it

hostile or abusive. See, e.g., Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997).  This

determination is based upon the totality of the circumstances. See Harris, 510 U.S. at 23.

The Court concludes that Brown has failed to present evidence of a hostile work

environment sufficient to withstand summary judgment.  The incidents Brown alleges were not

sufficiently severe or pervasive to alter the conditions of her employment.  Indeed, all parties

─────────────────────

[3] Brown received a right-to-sue letter from the CCHRO on August 9, 2001, and from the EEOC on November 13, 2001.  She filed a complaint with this Court [Doc. #1] on February 20, 2002.  Defendants have argued that several of Brown's claims are untimely and therefore barred. The Court finds that Brown's claims fail as a matter of law, and thus it does not reach the question of their timeliness.

agree that the November 1998 performance evaluation of which Brown complains was
overwhelmingly favorable, so much so that Brown received an Outstanding Achievement award
and bonus that year.  Brown admits that during her employment with the Town, she has never
been demoted or disciplined, she has suffered no material loss of employment benefits, and her
work responsibilities have never been diminished.  <u>See</u> Docs. #24, 33.  Brown's hostile work
environment claim also fails as a matter of law.

### 2. Retaliation

Section 704(a) of Title VII makes it unlawful to retaliate against an employee "because he
has opposed any practice made an unlawful employment practice . . . or because he has made a
charge, testified, assisted, or participated in any manner in an investigation, proceeding, or
hearing under this subchapter." 42 U.S.C. § 2000e-3(a); <u>see also</u> <u>Deravin v. Kerik</u>, 335 F.3d 195,
203 (2d Cir. 2003).

To establish a prima facie case of retaliation, the plaintiff must show: (1) participation in
a protected activity; (2) the employer knew of the protected activity; (3) an adverse employment
action; and (4) a causal connection between the protected activity and the adverse employment
action. <u>See</u> <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 282-83 (2d Cir. 2001); <u>Wimmer v.</u>
<u>Suffolk County Police Dep't</u>, 176 F.3d 125, 134 (2d Cir. 1999).  Once a prima facie case is
established, the burden of production shifts to the employer to show that a legitimate,
nondiscriminatory reason existed for its action. <u>See</u> <u>Raniola v. Bratton</u>, 243 F.3d 610, 625 (2d
Cir. 2001).

While Brown's complaints to the CCHRO and EEOC undeniably qualify as protected
activity under Title VII, Brown has presented no evidence that she suffered an adverse

employment action after filing those complaints in June 2000. Brown was not terminated due to her complaints, and she still works for the Town of Greenwich. As discussed previously, Brown also admits that she has never been demoted or disciplined during her employ with the Town, nor has she experienced any diminution in her salary, benefits, or job responsibilities. Since there is neither direct nor indirect evidence of an adverse employment action taken against her, Brown has failed to establish a prima facie case of retaliation under Title VII. Accordingly, Brown's retaliation claims do not survive summary judgment.

**B. Intentional Infliction of Emotional Distress Claims**

The Court also concludes that no genuine issue of material fact exists as to Brown's claims for intentional infliction of emotional distress under Connecticut law.

The elements of the tort of intentional infliction of emotional distress are well-established. In order for the plaintiff to prevail, she must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210, 757 A.2d 1059 (Conn. 2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question of law." Id. Extreme and outrageous conduct has been defined as that which "goes beyond all possible bounds of decency, is regarded as atrocious, [and] is utterly intolerable in a civilized society. . . ." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 194 (D. Conn. 2000).

The Court concludes that the allegations made by Brown against the Town, Cava, and

6

Welch, whether taken individually or as a whole, are insufficient to create a genuine issue of material fact as to whether the defendants' conduct was extreme and outrageous. As a matter of law, these incidents are not so outrageous in character and so extreme in degree that they may be regarded as atrocious. While the incidents may well have embarrassed Brown, they do not exceed all possible bounds of decency or tolerable social behavior. The Court therefore grants defendants' motion for summary judgment as to the claims of intentional infliction of emotional distress.

IV.    **Conclusion**

For the reasons discussed above, Defendants' Motion for Summary Judgment [Doc. #22] is GRANTED. The Clerk is directed to close the case.

SO ORDERED this ___15th___ day of September 2004 at Hartford, Connecticut.

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**